BIGELOW–SANFORD CARPET COMPANY, Inc., Plaintiff,

v.

INTERSTATE CARPET CORP., Interstate Floor Covering Corporation, Donald B. Wilkins and Harry J. Nuttle, Defendants.

Civ. A. No. 26024.

United States District Court
E. D. Pennsylvania.
July 25, 1962.

sel made application for production of the contract document under Rule 34, the Court would have attached as a condition to an order for production the requirement that plaintiff's counsel furnish defendants' counsel with a copy of the report. It is idle to speculate on what condition, if any, the Court may have attached to any order for production of the contract document, since no application was ever made to the Court for such an order. Under these circumstances, we find that defendants have failed to show good cause for the production of the report of plaintiff's examiner and the motion will be denied.

Arthur Littleton, Philadelphia, Pa., for plaintiff.

Alan J. Swotes, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

At the request of plaintiff's counsel, defendants' counsel voluntarily surrendered possession of a written contract between the two corporate defendants to enable plaintiff's counsel to have an examination of the contract document made by an examiner of questioned documents. No attempt was made by defendants' counsel to condition delivery of the document upon a promise by plaintiff's counsel to furnish a copy of the examiner's report. When the original document was returned by plaintiff's counsel, defendants' present counsel, who succeeded counsel who made the voluntary delivery, requested a copy of the report of the examination which was refused him. Defendants thereupon moved, under F.R.Civ.P. rule 34, 28 U.S.C.A., for the production for inspection and copying of the original report of the examination of the document. Conceding that the original document is the defendants' property in the possession of their counsel and susceptible of an examination by any examiner of defendants' choice, defendants contend, nevertheless, they have a right to see the report of plaintiff's examiner. In support of this, defendants urge that had plaintiff's coun-